**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**

**REBECCA TRINIDAD,**
Plaintiff,

v.

**GOOGLE LLC and DEEPMIND TECHNOLOGIES LTD.,**
Defendants.

**Case No. 4:25-cv-00398-RH-MAF**

# PLAINTIFF'S MOTION TO TRANSFER VENUE

Plaintiff Rebecca Trinidad ("Plaintiff"), acting pro se, respectfully moves this Court to transfer this action to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. § 1404(a).

This motion is based on the grounds that the action could have been brought in the proposed transferee district, and that such a transfer serves the convenience of the parties and witnesses and is in the interest of justice.

## I. INTRODUCTION

1. Plaintiff filed this action against Defendant GOOGLE LLC and DEEPMIND TECHNOLOGIES LTD for claims including, but not limited to, Trade Secret Misappropriation, Breach of Implied Contract, Unfair Competition, Unjust Enrichment and

FILED USDC FLND TL
OCT 1 '25 PM3:32

Constructive Trust

2. While this action was initially filed in the Northern District of Florida, the proper and most convenient venue for this litigation is the Northern District of California, where Defendant maintains its corporate headquarters and where a substantial part of the events giving rise to the claims occurred.

## II. ARGUMENT

### A. This Action Could Have Been Brought in the Northern District of California.

3. Under 28 U.S.C. § 1404(a), a court may transfer a civil action to any other district where it might have been brought. Venue is proper in a judicial district where any defendant resides or where a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b).

4. **Defendant's Residence:** Defendant Google LLC is a corporation with its principal place of business located at 1600 Amphitheatre Parkway in Mountainview, CA. This address falls within the jurisdiction of the United States District Court for the Northern District of California. As such, Defendant resides in the proposed transferee district for the purposes of venue.

5. **Location of Events:** A substantial part of the events giving rise to Plaintiff's claims occurred in the Northern District of California. This includes the corporate decisions to appropriate Plaintiff's intellectual property, the engineering work to implement that IP into commercial products " and the business operations that have unjustly enriched the Defendant.

6. Therefore, this action could have, and should have, been brought in the Northern District of

California.

**B. Transfer Serves the Convenience of the Parties and Witnesses and is in the Interest of Justice.**

7. The central purpose of § 1404(a) is to prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense.

8. **Convenience of the Parties and Witnesses:** The balance of convenience strongly favors transfer. The vast majority of relevant evidence and witnesses are located in the Northern District of California. This includes:

   a. Defendant's corporate headquarters and all relevant business records.

   b. The key corporate decision-makers, executives, and legal counsel involved in the alleged appropriation.

   c. The engineering and product development teams who worked on the infringing products.

   While Plaintiff resides in Florida, she is prepared to litigate in California to ensure the efficient resolution of this matter. The burden on Defendant to transport its employees and records to Florida would be far greater.

9. **The Interest of Justice:** The interest of justice is served by having this case adjudicated in the forum with the strongest connection to the dispute. The Northern District of California has a significant localized interest in this case, which involves the business practices of one of the most prominent technology companies within its jurisdiction. Furthermore, access to sources of proof, including corporate documents, servers, and employee witnesses, will be far more direct and efficient in the Northern District of California.

10. **Related Case Pending in the Northern District of California:** Additionally, Plaintiff has a related case currently pending in the Northern District of California: *Trinidad v. OpenAI, Inc.*, Case No. 4:25-cv-06328-JST, before the Honorable Jon S. Tigar. That case arises from the same nucleus of operative facts—the systematic appropriation of Plaintiff's AI development methodologies during March-July 2025. Both cases involve overlapping evidence regarding the same innovations, the same timeline of development, and interconnected defendants who participated in what Plaintiff alleges was a coordinated scheme. The $3 billion OpenAI/Windsurf transaction and subsequent $2.4 billion Google/Windsurf transaction for identical technology appear as central evidence in both cases. Consolidating these related matters in the same district would promote judicial economy, avoid inconsistent rulings, and prevent duplicative discovery.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this motion and transfer this action to the United States District Court for the Northern District of California

Dated: October 1, 2025

Respectfully submitted,

REBECCA TRINIDAD

Pro Se Plaintiff

P.O. Box 7654

Tallahassee, FL 32314

448-448-3437

Rebecca.Trinidad@gmail.com