**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

**REBECCA TRINIDAD,**

**Plaintiff,**

**vs.** **Case No. 4:25-cv-398-RH-MAF**

**GOOGLE LLC, et al.,**

**Defendants.**

**______________________/**

## O R D E R

The *pro se* Plaintiff has paid the filing fee and is proceeding on an amended civil complaint. ECF No. 8. Plaintiff has also filed a motion to transfer venue to the United States District Court for the Northern District of California, where venue is proper. ECF No. 9.

This is Plaintiff's fourth lawsuit in the last three months alleging technology companies stole and implemented her ideas for their artificial intelligence programs. See Trinidad v. OpenAI Inc., et al., Case No. 4:25-cv-284-MW-MJF (N.D. Fla. July 24, 2025) ("Trinidad 1"); Trinidad v. Anthropic PBC, et al., Case No. 4:25-cv-289-RH-MJF (N.D. Fla. July 24, 2025) ("Trinidad 2"); Trinidad v. Anthropic PBC, et al., Case No. 4:25-cv-339-RH-MJF (N.D. Fla. August 13, 2025) ("Trinidad 3"). Plaintiff's intended venue for all four cases has been the Northern District of California. The problem is

that instead of filing in the venue she knows is proper, Plaintiff has chosen to file each case here in the Northern District of Florida. The pattern is the same: along with the filing fee and a complaint listing the Northern District of California in the case header, Plaintiff also files a motion to transfer venue. See Id.; ECF Nos. 3, 9 of this case. And so far, the pattern has proven successful. See *Orders Granting Motion to Transfer Venue*, Id. at ECF No. 10 of Trinidad 1 & 2, ECF No. 6 of Trinidad 3.

This Court required Plaintiff to show cause why the instant case should not be dismissed for improper venue based on Plaintiff's repeated misuse of the judicial system. ECF No. 7 at 3-4. Plaintiff has done so. ECF No. 12. On the one hand, Plaintiff blames her inexperience and "ignorance of proper procedure." Id. at 1. But then Plaintiff explains that since she wasn't permitted to e-file her complaint in California, she was "faced with the choice of mailing [her] complaint across the country or filing it with the clerk at [her] local federal courthouse." Id. at 2. She believed filing the case in the wrong venue "in person…and then moving for a transfer was the most secure and responsible way" forward. Id. While the first time could be viewed as an honest mistake from a *pro se* litigant, such an excuse now rings hollow.

It is clear that Plaintiff intentionally filed this action in the wrong venue to accommodate her own convenience. In fact, the undersigned was recently

Page 3 of 5

made aware that Plaintiff spoke with one of the deputy clerks in Tallahassee about her error when she filed Trinidad 1. Plaintiff was told that federal courts do not file each other's pleadings and Plaintiff could mail the pleading to the proper district in California. Plaintiff was combative and refused to listen, instead asserting that the clerk was forcing her to fly to California while insisting that she could file her complaint in any federal building. Ultimately the clerk accepted Plaintiff's filings.

When a case is filed in the wrong division or district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Defendants reside within the Northern District of California, the same area where the events giving rise to Plaintiff's claims occurred. See 28 U.S.C. § 1391(b)(1)-(2) (venue requirements). Plaintiff admits this case "should have been brought in the Northern District of California." ECF No. 9 at 2. The decision to transfer or dismiss is discretionary, but a court should not dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond. Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1258 (11th Cir. 1988). Plaintiff has had that opportunity.

The Court is inclined to dismiss this case without prejudice as a sanction for Plaintiff's repeated flaunting of the filing process. Had Plaintiff

not paid the filing fee, the decision would be easy. The filing fee for a civil case in federal court is $405.00—a substantial sum of money to most people. A dismissal would require Plaintiff to not only forfeit the fee paid in this case, but to pay that amount again in the Northern District of California to re-file the case there. Any sanction must be weighed against the litigant's behavior and the harm done. While Plaintiff's actions have certainly caused a waste of judicial resources (on four separate occasions), a monetary sanction in excess of $800.00 on a *pro se* litigant would be overly punitive at this stage.

In her response, Plaintiff concedes error, apologizes, and demonstrates understanding that "filing by mail with [the Northern District of California] is the correct and required procedure." ECF No. 12 at 1-2. She promises to "never again file a case in [the Northern District of Florida] unless it is the proper venue for the action." Id. at 2-3. The Court accepts Plaintiff's concession. Based on the circumstances, the Court declines to sanction Plaintiff for intentionally filing this case in the wrong venue and finds a transfer to the Northern District of California is in the interest of justice.

Plaintiff should not again "misinterpret the Court's….accommodation [in granting her motions to transfer] as being the correct method for a Florida resident to file a case in a different state." Id. at 1-2. Plaintiff is now on notice of the "correct and required procedure" to initiate a case as a *pro se* litigant

in federal court: delivery either in-person or by mail to the appropriate clerk's office located within the judicial district where venue is proper. **If Plaintiff breaks her assurance to the Court by intentionally filing another federal lawsuit in the wrong venue with a request to transfer the case to the proper venue, Plaintiff will be subject to sanctions including dismissal, forfeiture of any filing fees paid, and additional monetary fines.**

Accordingly, it is **ORDERED** that Plaintiff's motion to transfer venue, ECF No. 9, is **GRANTED**. The Clerk of Court shall **TRANSFER** this action to the United States District Court for the Northern District of California, San Francisco Division, and close this file.[1]

**DONE AND ORDERED** on October 7, 2025.

**s/ Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Transfer of venue is "a non-dispositive matter that is within the province of a magistrate judge's authority" and does not require a report and recommendation. Hartley v. Ellis, No. 5:09-cv-46-RS-EMT, 2009 WL 564663, at *1 (N.D. Fla. Mar. 5, 2009); Geico Marine Ins. Co. v. Amzim Marine Servs., LLC, 641 F. Supp. 3d 1292, 1305 (M.D. Fla. 2022) (same); Middlebrooks v. Smith, 735 F.2d 431, 432 (11th Cir. 1984) (transfers are non-dispositive and non-appealable). Because this transfer comes at Plaintiff's request and Defendants have not yet been served with the amended complaint or filed an appearance, there is no need for the standard 14-day objection period provided under Fed. R. Civ. P. 72(a).